### RAILSBACK v. SNYDER et al.

### In re HOWZE.

(District Court, S. D. Florida. December 23, 1922.)

No. 102.

Bankruptcy ⊜⊃281—Trustee cannot maintain creditors' suit against former partner of bankrupt.

The trustee of an individual bankrupt is without authority to maintain a creditors' suit to set aside as fraudulent conveyances made by a former partner of bankrupt, though the debts proved were incurred during the partnership; the remedy against such partner being in the hands of the creditors.

⊜⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Suit by O. T. Railsback, as trustee in bankruptcy of J. D. Howze, against Charles F. Snyder and others. On motions by defendants to dismiss bill. Granted.

Jackson & Dupree, of Tampa, Fla., for complainant.

W. B. Shelby Crichlow, of Bradentown, Fla., for defendant Snyder.

John E. Mathews, of Jacksonville, Fla., for defendant F. R. Daniel.

CALL, District Judge. Bill alleges July 1, 1920, Charles F. Snyder and J. D. Howze formed copartnership as J. D. Howze & Co., dry goods, etc., and continued in business until April 27, 1922; that in January, 1922, between the 1st and 10th, an inventory of the assets of J. D. Howze & Co. was made and said partnership found to be insolvent; that on January 1st Charles F. Snyder was the owner of some six pieces of real estate in Palmetto, Fla., and a half owner in one other piece, and in addition owned and conducted a furniture business in Palmetto, of the value of $25,000, or thereabouts; that, upon the discovery of the insolvency of the copartnership, Charles F. Snyder, in order to place his property beyond the reach of the creditors of the copartnership, conceived the plan to form a corporation, to which should be conveyed his furniture business, and in pursuance of said plan he, with other defendants named, applied to the proper state officials and had issued letters of incorporation of the Snyder Furniture Company, to which was transferred the furniture business of said Snyder March 14, 1922. In this corporation Charles F. Snyder held 80 shares, Wm. M. Snyder, a son, held 10 shares, and W. B. Crichlow 1 share. On January 16, 1922, and March 7, 1922, deeds were filed for record conveying all the real estate of said Charles F. Snyder to F. R. Daniel; that the copartnership of J. D. Howze & Co. was dissolved April 27, 1922, and J. D. Howze conducted the business, and on August 2, 1922, filed his voluntary petition in bankruptcy, and was in due course adjudged a bankrupt; that on September 8, 1922, the complainant was duly appointed and qualified as trustee of the bankrupt estate; that all assets of the estate coming to his hands have been reduced to cash, and amount to less than $1,900, while the liabilities scheduled amount to more than $14,000; and that these liabilities were contracted while Chas. F. Snyder was a member of the firm.

The bill then sets out the recovery of a judgment by one of the creditors against the copartnership, the return nulla bona on the execution issued thereon, and certain statutory proceedings against said Snyder, in which it appears that said Snyder had given the deeds to Daniel to secure money owed to him, and to secure a contract to pay rent for a building on one of the tracts of land conveyed; that he owned 1 share of stock in the furniture company, the other 79 shares having been transferred to his son, Wm. M. Snyder, in consideration of a promissory note for $7,500, payable one year after date; and that said note had been transferred to Daniel to secure an alleged indebtedness, and also the contract to pay rent above noted. It also appears by said bill that J. D. Howze is the son-in-law of said Charles F. Snyder.

The bill then prays that the dissolution of copartnership be declared null and void; that Charles F. Snyder be declared a bankrupt; that

the conveyances to Daniel be declared null and void as against the creditors of the copartnership; the formation of the corporation a fraud upon the rights of said creditors; and for a receiver of the property conveyed to the corporation and to Daniel.

Charles F. Snyder, the Snyder Furniture Company, and F. R. Daniel filed motions to dismiss the bill. The main contention, as I understand it, is that the trustee of J. D. Howze has no standing in a court of equity to obtain the relief prayed; neither J. D. Howze & Co. nor Chas. F. Snyder having been adjudicated a bankrupt.

To decide this question it is necessary to consider the powers and duties cast upon the trustee by the Bankruptcy Act. Sections 23a, 23b (Comp. St. § 9607), confer jurisdiction upon the United States courts. Section 47 (Comp. St. § 9631) defines the duties of trustees and provides that as to all property in the custody of the bankruptcy court he shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; as to all property not in the custody of the bankruptcy court he shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied. Section 60 (Comp. St. § 9644) has reference to preferred creditors and prescribes the limit of four months. Section 67e (Comp. St. § 9651) provides that all transfers or incumbrances of his property, made or given by a person adjudged a bankrupt within four months prior to the filing of the petition, if made to hinder, delay, or defraud his creditors, shall be null and void; that the property conveyed by such null and void conveyances, unless exempt, shall remain a part of the assets of the estate.

None of these sections purpose to vest the power in the trustee of a bankrupt person to bring an action to accomplish results sought in this suit. The jurisdiction of equity to set aside fraudulent conveyances is too well recognized to need citation, but the circumstances under which such suits can be maintained are equally well defined. The right of a trustee of a bankrupt to maintain a suit to set aside conveyances as a fraud upon the creditors whom he represents must be found in the Bankruptcy Act, and the power and right given in said act does not authorize this suit. The bankrupt is J. D. Howze; the conveyances sought to be vacated were made by Charles F. Snyder. It is for the creditors of Charles F. Snyder to proceed against him, and not the trustee in bankruptcy of J. D. Howze.

The motions to dismiss the bill will be granted.